UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cass Franklin Smith, | ) C/A No. 9:12-1779-RBH-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Ben Clary, County Administrator; Steven Mueller, Sheriff, | ) |
| Defendants. | ) |

Plaintiff, Cass Franklin Smith, is a pretrial detainee in the Cherokee County Detention Center ("CCDC") in Gaffney, South Carolina. Plaintiff, who is proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. §§ 1915 and 1915A, brings this action under 42 U.S.C. § 1983, seeking monetary damages and injunctive relief.[1]

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996);

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).



and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Further, although this Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact," *Denton*, 504 U.S. at 31; and a claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke*, 490 U.S. at 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Finally, this Court is also required to liberally construe pro se documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). This mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).



2

## BACKGROUND

Plaintiff alleges that he "has been unfairly and discriminately (sic) segregated from other population in the jail by a classification system recently put in place by the Defendants." Complaint, Statement of Claim; ECF No. 1, p. 3. Plaintiff alleges that, since he was incarcerated in April 2010, he was housed in "medium - medium high security," until approximately thirty days before filing his Complaint, when the new classification system was implemented and Plaintiff was moved to "maximum - medium high security."[2] *Id.* Plaintiff alleges that he "has not had any disciplinary write ups or warnings since initially coming in to the jail [] but yet he has been sep[a]rated and punished when other inmates having the same charge as the [P]laintiff have not been sep[a]rated and punished." *Id.* Plaintiff alleges that he "has been discriminated against because the [D]efendants hold certain personal views against him and his alle[]ged crime." *Id.* Plaintiff alleges that he filed grievances "multiple times" with "none returned." Complaint, Place of Confinement; ECF No. 1, p. 2. Plaintiff seeks monetary and injunctive relief, *i.e.* "punitive damages of

---

[2] Plaintiff's Complaint was filed on June 28, 2012. The Cherokee County Detention Center's Inmate Search website indicates that Plaintiff has been confined since April 19, 2010 on three murder charges (warrant nos. M132330, 132331, and 132332), and that Plaintiff also has pending charges of assault upon a correctional employee (warrant no. M132339) and attempted escape (warrant no. M132340, date of arrest April 23, 2010). *See* http://www.cherokeecountysheriff.net/detail.php?id=19184 (last visited Aug. 8, 2012). The Cherokee County Seventh Judicial Circuit Court Public Index shows that Plaintiff was indicted on the three murder charges (indictment nos. 2010-GS-11-0344, 0345, and 346) and on the attempted escape charge (indictment no. 2010-GS-11-0601, date of issue July 8, 2010). The Public Index shows that the charge against Plaintiff for assaulting a correctional officer was "dismissed not indicted" on June 8, 2012. *See* http://publicindex.sccourts.org/cherokee/publicindex/PISearch.aspx (last visted Aug. 8, 2012). The undersigned takes judicial notice of the online records of Plaintiff's pending state court proceedings and CCDC's factual information concerning Plaintiff's custody status. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Williams v. Long*, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008) (noting that some courts have found postings on government websites to be inherently authentic or self-authenticating).

3



$1,000,000.00 (one million dollars)," and "legal fees incurred in filing and prosecuting this lawsuit," and "a temporary order from this court barring the new classification system at the jail in question from being implemented any further." Complaint, Relief; ECF No. 1, p. 4.

The caption and "list of parties" section of Plaintiff's Complaint names only Defendants Clary and Mueller. However, the body of the Complaint alleges that "[P]laintiff has had his constitutional rights violated by the [D]efendants Mueller, Padgett, Clary and Spencer." Complaint, Statement of Claim; ECF No. 1, p. 3. Plaintiff submitted proposed summonses and Forms USM-285 for Sheriff Mueller, County Administrator Clary, Major Robert E. Padgett and Tim Spencer. Plaintiff's proposed service documents refer to Defendant Spencer as "Chairman," as this Defendant is apparently the Chairman of the Cherokee County Council. Thus, the undersigned liberally construes Plaintiff's Complaint as an attempt to also state § 1983 claims against Major Padgett and Mr. Spencer.

**DISCUSSION**

Claims concerning conditions of confinement imposed upon pretrial detainees are examined under the Due Process Clause of the Fourteenth Amendment as opposed to the cruel and unusual punishment prohibition of the Eighth Amendment, which applies to convicted inmates. *See Bell v. Wolfish*, 441 U.S. 520, 535-38 (1979). The Fourteenth Amendment proscribes punishment of a detainee prior to an adjudication of guilt, without due process of law. *Id*. "However, not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir.1992) (citing *Bell*). "And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of

4



detention into 'punishment.'" *Bell*, 441 U.S. at 537. Therefore, "a court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose;" *Id.* at 538; and in considering this issue, it is important to remember that "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Id.* at 546.

As a practical matter, the contours of pretrial detainees' rights under the Due Process Clause are coextensive with the Eighth Amendment protections applicable to convicted inmates. *See, e. g., Hill*, 979 F.2d at 991-92 (medical needs). However, incarcerated persons in general do not have a constitutionally recognized liberty interest in a particular security classification. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Confinement in even administrative segregation for medical and security reasons does not violate a detainee's or prisoner's constitutional rights; no infringement on the prisoner's liberty interests has taken place because confinement, restriction of movement and/or access to privileges, and heightened security measures are quintessential to the nature of prison life. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995). For instance, placement on administrative segregation is a common occurrence for inmates and detainees, "well within the terms of confinement ordinarily contemplated by a prison sentence." *Hewitt*, 459 U.S. at 468. *See also Beverati v. Smith*, 120 F.3d 500 (4th Cir. 1997) (no liberty interest implicated in administrative segregation). Thus, Plaintiff's claims to a particular classification, or any classification other than the one to which he has been assigned under CCDC's new classification system, must fail, as no constitutional right of liberty was or is infringed upon by the decision of



5

CCDC administrative staff to move Plaintiff from "medium - medium high security" to "maximum - medium high security."

Therefore, to prevail on a conditions of confinement claim, Plaintiff must show either (1) an expressed intent to punish, or (2) lack of a reasonable relationship to a legitimate non-punitive governmental objective, from which a punitive intent may be inferred. *Hill*, 979 F.2d at 991 (citing *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir.1988)). Plaintiff's allegation that the Defendants "discriminated against [Plaintiff] because the [D]efendants hold certain personal views against him and his alle[]ged crime" does not state a plausible claim of violation of due process under 42 U.S.C. § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* Rather, it requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557). At most, Plaintiff's allegations of "punishment" and "discrimination" merely attribute, in purely conclusory fashion, alleged ill will to the Defendants because they believe the crimes with which he is charged (three (3) counts of murder) warrant a higher security classification under the new classification system. While Plaintiff makes the further claim that he has somehow or in some fashion been singled out, the court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments" without some specific factual allegations to support them. *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006). *See also Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009) (citing *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir.



1999)).  Plaintiff complains not about an individual or arbitrary action taken against him, but about the implementation of a new classification system which has resulted in a change in his classification.

While the purpose of pretrial confinement is to ensure the detainee's presence at trial, the detention center may impose restraints on the detainee that are reasonably related to the detention center's interest in maintaining the facility's security, even if the restraints "are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Bell*, 441 U.S at 539-40.  If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." *Id.* at 539.  Defendants have legitimate interests in the implementation and enforcement of a classification system, which stem from their need to manage the facility in which Plaintiff is detained. *Id.* at 540.  There is nothing in Plaintiff's factual allegations to show a plausible claim that this new classification system was designed or implemented in order to "punish" the Plaintiff, who is after all being held on multiple counts of a serious, violent crime.

Furthermore, there is a *de minimis* level of imposition with which the Constitution is not concerned. *Id.* at 539 n. 21.  In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Bevrati v. Smith*, 120 F.3d 500, 502 (4th Cir.1997).  Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.  Changes

7



"in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir.1991). Further, prisoners do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison. *Meachum*, 427 U.S. at 224.

In this case, Plaintiff essentially claims that he has a right to be housed in the general population, and that his higher security status under the new classification system violates his right to due process. He additionally appears to claim that his higher security confinement under the new classification system constitutes cruel and unusual punishment.[3] Such claims are without merit in the carefully circumscribed atmosphere of a heavily populated detention center, in which numerous detainees with a broad range of pending criminal charges are housed in close quarters. If long-standing judicial deference to detention center and prison officials' administrative realities means anything, then the risk to others' safety and well being presented by a detainee who is charged with three counts of murder and attempted escape cannot be subservient to that person's liberty. *See, e.g., Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir.1995) (prison officials have legitimate penological interests in administrative segregation, and they must be given "wide-ranging deference"

---

[3] To state a claim that conditions of confinement violate constitutional requirements prohibiting cruel and unusual punishment, "a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir.1991)). Further, a plaintiff must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition. *See Id.* at 1380-81. Plaintiff's Complaint makes no such factual allegations.

8



with respect to their need to maintain order, discipline, and "institutional security"), reh'g denied, 75 F.3d 448 (9th Cir. 1995), cert. denied *County of Kern v. Anderson*, 516 U.S. 916 (1995).

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the Complaint in this case, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August 16, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636 (b) (1); Fed. R. Civ. P. 72 (b); *see* Fed. R. Civ. P. 6 (a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

